UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVERKEEPER, INC. and RARITAN BAYKEEPER, INC. d/b/a NY/NJ BAYKEEPER,<br><br>       Plaintiffs,<br><br>v.<br><br>EMPRESS AMBULANCE SERVICE, LLC d/b/a EMPRESS EMS,<br><br>       Defendant. | Case No.  7:24-cv-4797 (CS)<br><br>**STIPULATION AND [PROPOSED] ORDER ON DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

WHEREAS, the parties having agreed to the following, the Court adopts and enters as an ORDER this Stipulation and Proposed Order on Discovery of Electronically Stored Information.

## I.     GENERAL PROVISIONS

A.     The procedures and protocols outlined herein govern the production of electronically stored information ("ESI") and paper documents that are produced in an electronic format ("ESI Protocol").  The parties agree to take reasonable steps to comply with this ESI Protocol for the discovery and production of ESI and paper documents.  The parties will confer, as needed, for production formats for particular materials that are not addressed herein.

B.     Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of Documents.

C.     Should any party subsequently determine in good faith that it cannot proceed as required by this Order or that the order requires modification, the parties will meet and confer to resolve any dispute before seeking Court intervention.

1

D.     The parties agree that the efficient and just resolution of this matter will be furthered by mutual cooperation and transparency in responding to the parties' requests for documents, and the parties intend to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention.  The parties do not intend by entering this ESI Protocol to waive any privilege, attorney work product protection, and/or any other privilege or protection from disclosure enumerated under the Federal Rules of Civil Procedure, Local Rules or forms, and/or any other applicable law or rule (hereinafter, collectively "Privilege" or "Privileged").

E.     The Federal Rules of Civil Procedure will govern discovery, and no provision herein alters any provision of the Federal Rules of Civil Procedure, Local Rules or forms, or other applicable law or rule or any Orders of this Court.  The terms of this Order shall be construed to ensure the cost-efficient and cost-effective exchange of information and to reduce the time, expense, and other burdens of discovery consistent with the Federal Rules of Civil Procedure, Local Rules or forms, and other applicable law or rule or any Orders of this Court.

## II.    DEFINITIONS

A.     "**Bates Number**" means an identifier consists of a short two to eight letter prefix, associated with the producing party's name, followed by 6 numbers (*e.g.*, ABCD000001). The prefix should include only letters, dashes, or underscores.  The prefix and number should not be separated by a space.  Each page in the production is assigned a unique, incremental Bates number. The prefix must be the same for all pages produced from the same producing party.

B.     "**Confidentiality Designation**" means the legend affixed to confidential Documents for production.  The production and handling of any documents designated as confidential shall be defined by, and subject to, any confidentiality or protective order entered by

the Court for this case.

    C.    "**Document**" has the same meaning as "documents or electronically stored information" as used in Federal Rule of Civil Procedure 34(a)(1)(A), and, includes, without limitation, all ESI and paper documents that be scanned and produced in electronic format.

    D.    "**Load File**" an electronic file, including Metadata, that can assist in loading an electronic production set into a receiving party's document review platform.

    E.    "**Metadata**" means information embedded in or associated with ESI that are generated automatically by the operation of a computer or other information technology system when the document is created, modified, transmitted, deleted, or otherwise manipulated.

    F.    "**Native File(s)**" or "**Native Format**" refers to the original format of a document in which it was generated and/or used by the producing party in the usual course of its business. For example, the native format of an Excel workbook is a .xls or .xslx file.

    G.    "**OCR**" or "**Optical Character Recognition**" refers to the process of generating text from an image of a text-based Document, making such Document text searchable.

## III.   EMAIL SERVICE OF DISCOVERY MATERIALS

The parties agree that they may serve discovery requests as well as responses and objections to discovery requests via electronic mail only, without also serving a paper copy. When serving discovery materials by electronic mail, the sending party shall ask the receiving party to confirm receipt by return electronic mail, and the receiving party shall promptly confirm receipt. Once receipt has been confirmed, the service by electronic mail shall be deemed to have been served on the date indicated in the electronic mail message to which the discovery materials were attached, and such service shall be considered good service for all purposes as if a paper copy of such materials had been served on that date.

IV.   **PRESERVATION**

    A.   **Standard Preservation of ESI**

Each party has a common law obligation to take reasonable steps to preserve discoverable information, including ESI, in the party's possession, custody, or control. If any party has an automatic document deletion or destruction program in place, that party shall take reasonable steps to prevent discoverable documents from being deleted or destroyed thereby, up to and including overriding the deletion/destruction program until the conclusion of this litigation.

    B.   **Preservation Does Not Affect Discoverability or Claims of Privilege**

By preserving Documents for the purpose of this action, the parties are not conceding that such material is discoverable, nor are they waiving any claim of Privilege.

    C.   **Preservation of Files of Environmental Consultants**

Each party shall take reasonable steps to prevent the deletion or destruction of discoverable documents, including ESI, in the possession, custody, or control of their environmental consultants.

V.   **SEARCH AND REVIEW**

The parties are not required to use search terms to locate discoverable ESI. To the extent a party chooses to use search terms, it shall provide (i) its lists of search terms and custodians, and (ii) the name of the platform on which the search terms will be run, to the other party, and the parties shall agree to meet and confer over the use of those search terms in an effort to reach agreement on them, including whether the use of certain hit reports and/or sampling would be reasonable and appropriate.

A party may use predictive coding or other form of technology-assisted review to identify responsive documents, subject to applicable rules and case law, but most notify the other party that it is doing so.

## VI. SCOPE OF DISCOVERY

### A. Not-Reasonably-Accessible ESI.

Except as provided below in Section X ("Reservation of Rights"), the parties need not collect, produce, or identify on a Privilege log the following categories of ESI for this Action:

1. Voicemail messages;

2. Logs of calls;

3. Deleted, erased, or overwritten computer files, whether fragmented or whole, which were deleted by the routine operation of a computer or computer system in the regular course of business.

4. Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

5. Data stored on photocopiers, scanners, and fax machines;

6. Server, system, or network logs;

7. Data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved by the party in the normal course of business; and

8. Date stored in a backup system for the purpose of system recovery or information recovery, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows.

### B. Other Types of ESI May Not Be Reasonably Accessible.

Nothing in this Protocol prevents any Party from asserting that other

categories of Documents are not reasonably accessible within the meaning of Federal Rule of Civil Procedure 26(b)(2)(B)**.**

## VII.    PRIVILEGE LOGS

The parties agree that, except as provided below in Section VII.B regarding presumptively Privileged materials, they will produce Privilege logs and will exchange information regarding claims of Privilege in an efficient manner. For documents and ESI that have been withheld or redacted as Privileged, the withholding or redacting party shall provide a Privilege log of such documents and ESI, providing the following information to the extent it is reasonably available: date, author(s), recipient(s), file type, and a brief description of the content of the document sufficient to allow analysis of the asserted Privilege without disclosing Privileged information. In addition, the withholding or redacting party shall also provide for each document on their Privilege log an identifier for the Privilege being asserted (e.g., "ACP" for attorney-client Privilege, "WP" for work product, or other descriptions as necessary based on the specific Privilege being claimed) and a unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Def_Priv_00001").

The Producing Party may include only a single Privilege log entry for multiple email messages in the same email string to the extent such messages are contained in one individual email file and subject to the same claim of Privilege.

When a Producing Party is asserting Privilege on the same basis with respect to multiple Documents, such Documents may be logged by group or category.

The parties will meet and confer on the deadlines for the parties to exchange Privilege logs and set the deadline or deadlines for the exchange of Privilege logs by agreement. Any dispute

6

on these deadlines may be raised with the Court.

## VIII. INADVERTENT PRODUCTION

If there is an inadvertent production of privileged, protected, or work product information, the producing party may, by making a timely written request (including the nature of the claim of privilege or protection and the basis for it) to the receiving party within seven days after discovery of the inadvertent production, obtain the return of the inadvertently produced documents or information (the "disclosed materials") and the parties agree that the inadvertent production shall not be deemed a waiver of such privilege or protection so long as the holder of the privilege or protection took reasonable steps to prevent disclosure within the meaning of Fed. R. Evid. 502(b).

In the event that a receiving party determines that disclosed materials constituting or containing privileged, protected, or work product information have been inadvertently produced, the receiving party shall notify the producing party within seven days after discovery of the inadvertent production and shall not further examine the disclosed materials.  Within ten days of notifying the producing party of an inadvertent production or receiving a request from the producing party to return (or, in the case of an electronic production, to delete) such disclosed materials, a receiving party must take such action and provide written assurance that any and all copies of such materials have been returned (or, in the case of an electronic production, deleted).

The producing party shall be required to retain any such disclosed and returned materials until the parties have resolved any dispute concerning such materials and, if requested by a party and agreed to by the Court, shall provide such materials to the Court for in camera review.  The receiving party shall have the right to challenge the disclosure as other than inadvertent or to challenge the claim of privilege or protection; provided, however, that the producing party bears the burden of proving the claim of privilege or protection, that the disclosure was inadvertent, and

that it took reasonable steps to prevent disclosure. If any such challenge is successful, the producing party shall have an obligation to produce again the disclosed materials originally produced.

The procedures herein shall apply at any time either party discovers that materials constituting or containing privileged, protected, or work product information may have been inadvertently produced, including when such discovery occurs during or as part of a deposition. If, in preparing for a deposition, the examining party has reason to believe that materials it seeks to use in the deposition may contain materials constituting or containing privileged, protected or work product information that may have been inadvertently produced, it shall notify counsel for the producing party prior to the deposition. The parties shall seek to resolve the matter prior to the deposition. If the parties are unable to resolve the dispute, the materials shall be treated in accordance with the procedures above. If the discovery of the inadvertent production first arises during a deposition, the parties shall seek to resolve the matter at the deposition. If the parties are unable to resolve the dispute, the examining party shall not examine on the disclosed materials or otherwise use the materials (other than providing them to the Court in the context of resolving the dispute) and has the right to challenge the claim in accordance with the procedures above. Any affected portion of the transcript and any affected exhibits shall be separately marked and treated as confidential consistent with the procedures above.

## IX.  FORM OF PRODUCTION

### A.  **General Format of Production**

The parties will produce Documents in "a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). ESI shall be produced in a format suitable for loading into and reviewing in an e-discovery platform (*e.g.*, Everlaw, Relativity, Concordance). The parties shall meet and confer

regarding specific format specifications suitable for their respective e-discovery platforms.

    **B.**    **Electronic Production of Paper Documents**

Documents that are maintained in paper format shall be scanned images at 300 DPI resolution, in text-searchable PDF format that represents the full and complete information contained in the original Document. No producing party shall be required to ensure that the OCR is an exact duplicate of the text of the image. Each scanned Document shall be in one PDF.

Paper Documents that contain affixed notes (such as "Post-its") shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned separately.

Paper Documents shall be produced with a Load File. The producing party shall provide source or custodian information for all scanned paper Documents, even though such information may require manual population of Metadata fields. The producing party will not be required to manually populate any other Metadata fields for scanned paper documents.

    **C.**    **Electronically Stored Information**

The parties shall meet and confer regarding the particular specifications needed by their e-discovery platforms. At a minimum, ESI shall be produced in Native Format with Load Files containing Metadata, in addition to any other formats agreed by the parties.

    **D.**    **Proprietary Software.** To the extent that relevant ESI cannot be rendered or reviewed without the use of proprietary software that is not commercially available, the parties shall meet and confer to discuss and attempt to reach a mutually agreeable resolution.

    **E.**    **Bates Numbering**

All Documents shall be produced with Bates Numbers as set forth below.

1. <u>Document Images</u>.  Each page of a Document produced as an image, such as a PDF or TIFF, shall have a Bates Number electronically "burned" onto the image.  The Bates Numbers shall be enumerated as defined above in Definitions.  No other legend or stamp will be placed on the Document image other than the Bates Number, a Confidentiality Designation (where applicable), and redactions, and the Bates Number identified above.  The Bates Number and any Confidentiality Designation shall be placed at a location that does not unreasonably obliterate, conceal, or interfere with any information from the Document.

2. <u>Native Format Documents</u>.  In order to preserve the integrity of Native Format Documents that are not image files, no Bates Number or Confidentiality Designation should be added to the content of the Native Format Document.  Instead, a Bates-stamped placeholder TIFF, bearing the legend, "This document has been produced in native format," or similar language, shall be provided.  These placeholders will be Bates numbered in the same way as any other TIFF.  Alternatively, the parties may agree to an alternative method of adding Bates Numbers to Native Format Documents.

**F.    Method of Production.**

The parties shall meet and confer regarding the production method (e.g., via FTP or physical media such as a Hard Drive or USB.

**X.    RESERVATION OF RIGHTS**

A.    The parties reserve the right to request production of not reasonably accessible ESI provisionally excluded from the Scope of Discovery of ESI under Section VI of this ESI Protocol if, in each instance, there is good cause for doing so.  The other party reserves its right to object to any such requests, and the parties will meet and confer regarding such requests prior

to any search or production/logging related thereto.

B.  The parties retain the right, upon reviewing any productions made by another party in this litigation or conducting other investigation and discovery, to request that Documents from additional custodians and data sources be produced and the producing party reserves its right to object to any such requests.

C.  The parties reserve all rights to object to any requests for discovery and/or modification to this ESI Protocol consistent with any provision of the Federal Rules of Civil Procedure, Local Rules or forms, or other applicable law or rule or any Orders of this Court.

Dated this 19th day of December, 2024

New York, New York

Respectfully submitted,

By: __/s/ Reed W. Super__
Reed W. Super
Andie Altchiler

SUPER LAW GROUP, LLC
222 Broadway, 22nd Floor
New York, NY 10038
212-242-2355
reed@superlawgroup.com
andie@superlawgroup.com

*Attorneys for Plaintiffs Riverkeeper, Inc. and Raritan Baykeeper, Inc. d/b/a NY/NJ Baykeeper*

By: _____
Thomas E. Stagg
Brian A. Lacoff

STAGG WABNIK LAW GROUP
401 Franklin Avenue, Suite 300
Garden City, NY 11530
516-812-4542

11

tstagg@staggwabnik.com
blacoff@staggwabnik.com

*Attorneys for Defendants Empress Ambulance Service, LLC d/b/a Empress EMS*

**SO ORDERED.**

Dated: 12/20/24

White Plains, NY

_____
Cathy Seibel, United States District Judge

12